UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Malcolm and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, and Twin City Carpenters Vacation Fund; Scott Malcolm as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors, | Civil File No. 06-4253 RHK/JSM |

Michael Gavanda and Gary Larson, as
Trustees of the Painters and Allied Trades
District Council No. 82 Health Care Fund;
Michael Gavanda and William Grimm, as
Trustees of the Minneapolis Local 386 Drywall
Finishing Industry Pension Fund, Minneapolis
Painting Industry Pension Fund, Minneapolis
Painting Industry Vacation and Holiday Fund;
Michael Gavanda and Robert Swanson, as
Trustees of the Minnesota Finishing Trades
Training Fund; and each of their successors,

        Plaintiffs,

vs.

James Larson, individually, and d/b/a Valley
Brook Drywall & Const,

        Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR ENTRY OF DEFAULT**

    This matter was heard before the undersigned on the 10th day of January, 2006.

Sean O. Skrypek of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered,

appeared for and on behalf of the Plaintiffs.  There was no appearance on behalf of the

Defendant.

**FINDINGS OF FACT**

1.      Plaintiffs filed a Summons and Complaint in this matter on October 23, 2006. Defendant was served with the Summons and Complaint in this matter on October 23, 2006.

2.      Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds").  The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry and painting work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.  All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

4.      Defendant was bound to by certain Collective Bargaining Agreements between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association and between the Minnesota Drywall and Plaster Association and the Painters and Allied Trades District Council No. 82 of Minnesota and the International Union of Painters and Allied Trade, AFL-CIO.

5.      The Collective Bargaining Agreements obligate Defendant, as an employer, to compute the contribution for each employee, submit that information on a

report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6.      The Collective Bargaining Agreements and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

7.      Defendant has failed to timely submit the fringe fund reports and contributions for the months of August, September, October, and November, 2006.

8.      After filing of the Complaint and Motion for Entry of Default, Defendant submitted the fringe fund reports and payment for the month of August, 2006.  The amount due for the Carpenters Funds was $4,834.48.  The amount due for the Painters Funds was $6,824.84.

9.      Defendant remains delinquent for the months of September, October, and November, 2006.

10.     Plaintiffs reasonably believe that Defendant employed individuals during these months.  Furthermore, Defendant is obligated to remit the reports, indicating, if appropriate, that no hours were worked.

## CONCLUSIONS OF LAW

1.      Defendant is in default, and Plaintiffs are entitled to Entry of Default.

2.      Defendant is obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorney fees and costs incurred in collecting the delinquency.

3.      Defendant is required to submit the September, October, and November, 2006 fringe fund reports and payment for the contributions due per those reports.

3

## ORDER

**IT IS ORDERED**:

1.      That Plaintiffs' Motion for Entry of Default is granted.

2.      That Defendant files the reports for the months of September, October, and November, 2006, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, correctly identifying hours worked pursuant to the Collective Bargaining Agreements within ten days of service of this Order upon them.

3.      That Defendant pay to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for the months of August, September, October, and November, 2006.

4.      That upon the filing of the outstanding reports for the months of September, October, and November, 2006 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, including August, 2006, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

Dated:   1/10/07              BY THE COURT:


                              s/Richard H. Kyle
                              The Honorable Richard H. Kyle
                              United States District Court Judge

272072.DOC

4